UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LATERRACE KERLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CV-20-TAV-HBG |
| WARDEN MICHAEL PARRISH and BRANDON FOSTER, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

The Court is in receipt of prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address these filings in turn.

**I.     FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the Tennessee Department of Correction, he will be **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.  28 U.S.C. § 1915(b)

(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a). To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT

Plaintiff did not sign his complaint [Doc. 2 p. 5]. As such, the complaint does not satisfy Rule 11(a) of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court.

Accordingly, the Clerk will be **DIRECTED** to send Plaintiff a copy of the complaint [*Id.*]. Plaintiff shall have thirty (30) days from the date of entry of this order to return a signed copy of his complaint to the Court. If Plaintiff does not timely submit a signed copy of his complaint in accordance with this order, his unsigned complaint [*Id.*] will be **STRICKEN** from the record and this matter will be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a copy of the complaint [Doc. 2];

6. Plaintiff has thirty (30) days from the date of entry of this order to return a signed copy of his complaint to the Court. If Plaintiff does not timely submit a signed copy of his complaint in accordance with this order, his unsigned complaint [*Id.*] will be **STRICKEN** from the record and this matter will be dismissed;

7. Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A), which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening; and

8. Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendant(s) of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to

this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE