UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LATERRACE KERLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-CV-20-TAV-HBG |
| WARDEN MIKE PARRIS and BRANDON FOSTER, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Docs. 2, 5]. For the reasons set forth below, Defendant Warden Parris will be **DISMISSED**, and this action will proceed only against Defendant Brandon Foster for Plaintiff's claim for failure to protect under the Eighth Amendment.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of elements of a claim are insufficient to state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. COMPLAINT ALLEGATIONS

On October 22, 2020, Plaintiff, Tevin Chatman, and Deysean Montgomery "w[ere] involved in an incident that led to an altercation" and officials then placed inmates Chatman and Montgomery in administrative segregation [Doc. 5 p. 3–4]. When officials released these inmates from this placement, they placed them back in the same housing unit, despite knowing that Plaintiff and Mr. Chatman are members of a gang known as the Bloods and Mr. Montgomery is a member of a gang known as the Crips [*Id.* at 4]. According to Plaintiff, this act leaves the question of why Defendant Brandon Foster did not "take the necessary precaution to separate" these inmates unanswered [*Id.*].

2

Subsequently, on October 27, 2020, while Plaintiff was "securing inmate Chatman [] in the shower," Mr. Montgomery attacked Plaintiff with a homemade prison knife, causing Plaintiff various injuries [*Id.*]. However, jail officials placed Plaintiff on maximum security due to Plaintiff protecting himself in this incident, and Plaintiff is now having nightmares and experiencing sleep deprivation due to this incident [*Id.*].

Plaintiff has sued Defendants Brandon Foster and Warden Mike Parris in their individual and official capacities [*Id.* at 3]. As relief, Plaintiff seeks punitive and compensatory damages, as well as discovery [*Id.* at 5–6].

### III. ANALYSIS

First, while Plaintiff has sued Defendants in their official capacities, such claims are effectively against the State of Tennessee, which is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the Tennessee Department of Correction is equivalent to the "State" and is not a person within the meaning of § 1983) (citing *Will*, 491 U.S. at 64). Moreover, Plaintiff does not seek injunctive relief such that these claims could proceed under *Ex Parte Young*, 209 U.S. 123 (1908), which "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations," but "does not extend to retroactive relief or claims for money damages." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). Thus, Plaintiff's claims against Defendants in their official capacities will be **DISMISSED**.

Also, as Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Warden Parris was personally involved in any violation of his constitutional rights, the complaint fails to state a claim upon which relief may be granted under § 1983 as to him. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior). Accordingly, Defendant Warden Parris will be **DISMISSED**.

However, Plaintiff's claim against Defendant Foster in his individual capacity for failure to protect Plaintiff in violation of his Eighth Amendment rights will proceed.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as Defendant Parris and as to Defendant Foster in his official capacity, and thus Defendant Parris and Plaintiff's claim against Defendant Foster in his official capacity are **DISMISSED**;

2. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Foster;

3. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

4. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Service on Defendant Foster shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

7. Defendant Foster shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Foster fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Foster or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE