UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LATERRACE KERLEY, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:21-CV-20-TAV-HBG |
| BRANDON FOSTER, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC") housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to his claim that Defendant Foster failed to protect him from another inmate [Doc. 6 p. 2–5]. Now before the Court is Defendant Foster's motion for summary judgment in which he asserts that Plaintiff failed to exhaust his available administrative remedies for this claim prior to filing his complaint, as the Prison Litigation Reform Act ("PLRA") requires [Doc. 17]. In support of this motion, Defendant Foster filed a memorandum [Doc. 17-1], a statement of facts [Doc. 17-2], and a declaration from the MCCX Grievance Chairperson Mark Avery with exhibits attached [Doc. 17-3]. Plaintiff did not timely respond to this dispositive motion, and he therefore waived any opposition to it. E.D. Tenn. LR 7.1 and 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978). For the reasons set forth below, Defendant Foster's motion for summary judgment [Doc. 17] will be **GRANTED**, and this action will be **DISMISSED without prejudice**.

## I. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party did not respond. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. PROOF IN THE RECORD

In his sworn complaint, which the Court treats as an affidavit for purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint carries the same weight as an affidavit for purposes of summary judgment), Plaintiff states in relevant part that on November 1, 2020, he filed a grievance regarding facts related to his complaint but "they never process[ed] it" [Doc. 5 p. 2].

2

Case 3:21-cv-00020-TAV-HBG   Document 18   Filed 11/30/21   Page 2 of 5   PageID #: 92

However, in support of his motion for summary judgment, Defendant Foster has filed an affidavit from the MCCX Grievance Chairperson Mark Avery in which Mr. Avery testifies that that Plaintiff has not filed any grievances while in prison, that the only way a grievance would not be processed is if it was inappropriate and the prisoner did not correct it after prison officials returned it to him, that MCCX logs inappropriate prisoner grievances, and that MCCX's inappropriate grievance logs for October and November of 2020 do not contain any inappropriate grievances from Plaintiff [Doc. 17-3 p. 1–2]. In support of this testimony, Mr. Avery attached sworn copies of Plaintiff's blank inmate grievance log, MCCX's inappropriate grievance logs for October and November of 2020, and the TDOC inmate grievance procedures [*Id.* at 3–18], which provide, among other things, that inmates must file a "legible and intact" grievance on form CR-1394 [Doc. 17-3 p. 7–8].

## III. ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner

3

that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, Defendant Foster has set forth proof that Plaintiff did not file any grievances prior to filing his complaint herein even though the TDOC grievance policy required him to do so. And while Plaintiff alleges in his sworn complaint that he filed a grievance that was not processed, and the Court is cognizant that, where a prisoner properly files a grievance to which he does not receive a response, the Sixth Circuit has found the prisoner is deemed to have exhausted that remedy, *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004), the Court finds that Plaintiff's conclusory statement that he filed a grievance is insufficient to establish that he properly filed that grievance. *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (providing that "conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment" (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Specifically, Plaintiff's complaint does not include any information about how he filed his relevant grievance, the contents of that grievance, or who did not process that grievance, and, in response to Defendant Foster's summary judgment motion, Plaintiff has not come forward with any proof from which a reasonable jury could find that he properly filed the grievance. The Supreme Court has found that "the plain language of Rule 56(c) mandates the

4

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Accordingly, Defendant Foster is entitled to summary judgment due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action, as the PLRA requires.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Foster's motion for summary judgment [Doc. 17] will be **GRANTED** and this action will be **DISMISSED without prejudice**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE